# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Christopher G. Jacob, Respondent.

Appellate Case No. 2022-001256

_____

Opinion No. 28122
Submitted November 4, 2022 – Filed November 23, 2022

_____

## DEFINITE SUSPENSION

_____

Disciplinary Counsel John S. Nichols and Assistant
Disciplinary Counsel Sara Parker Morris, both of
Columbia, for the Office of Disciplinary Counsel.

Barbara Marie Seymour, of Clawson & Staubes, LLC, of
Columbia, for Respondent.

_____

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR).  In the Agreement, Respondent admits misconduct and consents
to the imposition of a definite suspension of up to six months.  We accept the
Agreement and suspend Respondent from the practice of law in this state for six
months.  The facts, as set forth in the Agreement, are as follows.

## I.

After graduating from law school, Respondent was employed with a law firm as a
law clerk.  Upon being admitted to practice in November 2017, Respondent
became an associate with the firm in an hourly position.  The firm used computer
software to track working hours in real time, and throughout 2018, Respondent
used the software to clock in and out during times when he was not in the office or

otherwise working in an effort to inflate his hours and increase his pay.[1] At tax time, Respondent's supervising attorney discovered the discrepancy and confronted Respondent on January 24, 2019. The total amount of overpayment was $17,722.74. Respondent initially denied misconduct, but later admitted what he had done. When Respondent's supervisor expressed his ethical duty to report Respondent's misconduct, Respondent requested an opportunity to self-report.

On February 4, 2019, Respondent self-reported his misconduct to ODC and included a signed restitution agreement in which Respondent agreed to repay the law firm in full. Within six months, Respondent complied with the restitution agreement and repaid the debt in full.

## II.

Respondent admits that his misconduct violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4 (d) (prohibiting conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 8.4(e) (prohibiting conduct prejudicial to the administration of justice). Respondent also admits his conduct is grounds for discipline under the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (prohibiting violations of the Rules of Professional Conduct); and Rule 7(a)(5) (engaging in conduct demonstrating an unfitness to practice law).

In his affidavit in mitigation, Respondent expresses remorse and explains that his preoccupation with financial security arose from his disadvantaged upbringing. Respondent explains that he erred in allowing his desperation to prove his personal worthiness and to achieve financial security to eclipse his better judgment. Respondent also states he has worked with several counselors to understand why he committed misconduct.

## III.

We accept the Agreement and suspend Respondent from the practice of law in this state for a period of six months. Within fifteen days of the date of this opinion, Respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR. Within thirty days, Respondent

---

[1] As Respondent did not bill clients directly, no client overpaid as a result of Respondent's misconduct.

shall pay or enter into a reasonable payment plan for the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct.  Within six months, Respondent shall complete the Legal Ethics and Practice Program Ethics School.[2]

**DEFINITE SUSPENSION.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**

---

[2] We decline to require Respondent to appear before the Committee on Character and Fitness as a condition of reinstatement.